FILED
2016 Sep-29  AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| KIMBERLIE MICHELLE DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | |
| RURAL/METRO CORPORATION, | ) | |
| | ) | **PLAINTIFF DEMANDS A** |
| Defendant. | ) | **TRIAL BY JURY** |

## COMPLAINT

### JURISDICTION AND VENUE

1.    This is a suit to obtain relief for pregnancy discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA").   Specifically, the Plaintiff alleges that the Defendant's decision in October 2016 to not allow the Plaintiff to continue working as an MT-Basic due to her pregnancy.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

1

3.  Venue is proper in that the Defendant employed the Plaintiff in Etowah County, Alabama.

## PARTIES

4.  The plaintiff, Kimberlie Michelle Durham, is a female resident of Marshall County, Alabama.

5.  Defendant, Rural/Metro Corporation ("Rural Metro"), is a foreign corporation maintaining its principal office in Scottsdale, Arizona.

6.  Rural Metro is a national company providing private ambulance and fire protection services.

7.  Rural Metro employed Ms. Durham in 2016 in Etowah County, Alabama.

8.  Rural Metro was Ms. Durham's employer for purposes of the PDA.


## ADMINISTRATIVE REMEDIES

9.  Ms. Durham filed a Charge of Discrimination (420-2016-00415) with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2015.   A copy of the EEOC Charge is attached hereto as Exhibit A.

10.  On November 18, 2016, the EEOC issued a Notice of Charge of Discrimination to Rural Metro.    A copy is attached hereto as Exhibit B.

11.  Rural/Metro did not submit any evidence or argument to the EEOC in

opposition to Ms. Durham's Charge of Discrimination.

12.   On July 1, 2016, the EEOC issued a Notice of Right to Sue to Ms. Durham. A copy is attached as Exhibit B.

13.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

14.   Rural/Metro hired Ms. Durham in Mach 2015 to work as an EMT-Basic.

15.   An EMT-Basic is also called an EMT-1.

16.   An EMT-1 responds to emergency and non-emergency requests, provides Basic Life Support (BLS) as needed, and transports sick or injured persons to the appropriate medical facility and complies with appropriate state Department of Health Standards.

17.   The qualifications necessary to hold an EMT-1 position with Rural/Metro in Gadsden Alabama are a current state EMT certification, current CPR certification card, current driver's license in good standing, satisfactory driving record, excellent communication and customer service skills, ability to work cooperatively with other employees and medical agencies, ability to read and interpret all required documents and write required reports and

correspondence, and satisfactorily meet Rural/Metro physical assessments/tests.

18.   Ms. Durham met the qualifications to hold the EMT-Basic position with Rural/Metro.

19.   In September 2015, Ms. Durham learned she was pregnant.

20.   On or about September 30, 2015, Ms. Durham was advised by her nurse practitioner she should not lift more than 50 pounds.

21.   Ms. Durham notified her general manager, Mike Crowell, of the lifting restriction.

22.   Ms. Durham informed Mr. Crowell she wished to work through her pregnancy.

23.   Mr. Crowell responded to Ms. Durham she could not work with a lifting restriction.

24.   Ms. Durham knew of five to six non-pregnant employees who had been allowed light/modified duty assignments when they had lifting restrictions.

25.   Ms. Durham requested a transfer to dispatch and/or a light/modified duty assignment to allow her to continue working.

26.   Mr. Crowell responded that a light/modified duty assignment was only available for employees who had lifting restrictions as the result of a worker's compensation injury.

27.   Mr. Crowell responded to Ms. Durham her pregnancy did not qualify for a light/modified duty assignment.

28.   Mr. Crowell told Ms. Durham he would contact Human Resources about her situation.

29.   Mr. Crowell later called Ms. Durham and said he had spoken with Human Resources.

30.   Mr. Crowell informed Ms. Durham that Human Resources said that Ms. Durham's only option was an unpaid leave of absence.

31.   Rural/Metro did not allow Ms. Durham to return to work.

32.   Sometime after October 6, 2015, Ms. Durham received paperwork from Rural/Metro relating to unpaid leave.

33.   The paperwork was mailed to Ms. Durham by Senior Human Resources Manager Jennifer Harmon.

34.   The paperwork advised Ms. Durham she would be on unpaid leave for up to 90 days and shew as prohibited from working or seeking other employment during that time.

5

35.   The paperwork advised Ms. Durham there was a possibility the leave could be extended at Rural/Metro's discretion, but if she did not return by the date chosen by Rural/Metro, she would forfeit her employment.

36.   Ms. Durham needed, and was able, to work.

37.   Ms. Durham's due date was not until March 2016.

38.   Because Ms. Durham needed, and was able, to work, she could not sign the unpaid leave paperwork.

39.   On or about October 9, 2015, Ms. Durham left a voicemail message for Ms. Harmon to discuss the paperwork and Ms. Durham's options.

40.   Ms. Harmon did not return Ms. Durham's call.

41.   On or about October 12, 2015, Ms. Durham called Ms. Harmon to discuss the paperwork and Ms. Durham's options.

42.   Ms. Harmon spoke to Ms. Durham for approximately two minutes.

43.   Ms. Harmon used a rude tone of voice.

44.   Ms. Harmon told Ms. Durham it was company poilcy to place pregnant employees who did not qualify for Family and Medical Leave Act leave on unpaid leave.

45.   Ms. Harmon said the unpaid leave offered to Ms. Durham was the only thing the company did for pregnant employees.

46.  On or about October 25, 2016, Ms. Durham called Mike Crowell again to try to obtain a transfer to dispatch and/or light/modified duty.

47.  When Mr. Crowell took Ms. Durham's call, he said he did not have time to talk, there was no way to place her on modified duty but that he would call her back to tell her what he had discovered from Human Resources.

48.  Mr. Crowell did not call Ms. Durham back.

49.  The actions of Rural/Metro effectively terminated Ms. Durham's employment.

50.  On November 3, 2015, Ms. Durham's counsel wrote Rural Metro a four (4) page letter addressed to both Rural/Metro's registered agent and the Director of Human Resources.

51.  The letter sent on Ms. Durham's behalf to Rural/Metro communicated Ms. Durham had a claim for violation of the pregnancy discrimination act and outlined the facts supporting her claim.

52.  Rural/Metro did not respond to the letter from Ms. Durham's counsel.

53.  On November 16, 2015, Ms. Durham filed a Charge of Discrimination with the EEOC alleging pregnancy discrimination.

54.  Ms. Durham sought unemployment compensation benefits through the Alabama Department of Labor.

55.   On December 10, 2015, Ms. Durham received a call from the Alabama Department of Labor stating her claim for benefits was not being approved because Rural/Metro represented to it that Ms. Durham was a full-time employee who was still receiving scheduled hours.

56.   Rural/Metro's representation to the Alabama Department of Labor that Ms. Durham was a full-time employee who was still receiving scheduled hours was untrue.

## COUNT I

## PREGNANCY DISCRIMINATION

57.   Ms. Durham adopts the above facts in support of this Count.

58.   During the events relevant to this action, Ms. Durham was a person protected by the PDA.

59.   During the events relevant to his action, Ms. Durham was qualified for the position she held with Rural/Metro.

60.   Rural/Metro subjected Ms. Durham to adverse actions by not allowing her to continue to work, denying her a modified/light duty assignment, denying her a transfer to dispatch, and terminating and/or constructively discharging her.

8

61.    Ms. Durham's pregnancy was the reason Rural/Metro did not allowing her
        to continue to work, denied her a modified/light duty assignment, denied her
        a transfer to dispatch, and terminated and/or constructively discharged her
        employment.

62.    Rural/Metro's conduct injured Ms. Durham.

        WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully
requests the entry of judgment under Title VII, as amended by the Pregnancy
Discrimination Act, against the Defendant pursuant to an Order awarding:

    a.    compensatory damages in an amount to be determined by a jury;

    b.    punitive damages in an amount to be determined by a jury;

    c.    nominal damages in an amount to be determined by a jury;

    d.    injunctive relief, including back-pay (plus interest calculated at the
           applicable interest rates);

    e.    that relief which is fair, just, and equitable under the circumstances of
           this case;

    f.    reasonable attorneys fees;

    g.    pre-judgment interest; and

    h.    the costs of this suit.

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

9

Respectfully submitted,

Heather Newsom Leonard
Bar ID: ASB-1152-O61H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421 - voice
(205) 278-1400 - facsimile
Heather@HeatherLeonardPC.com


PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:

Rural/Metro Corporation
c/o CSC-Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

10

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☑ EEOC | 420-2016-00415 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kimberlie Michelle Durham | | 1992 |

| Street Address | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Rural/Metro | More than 500 | (256) 546-1631 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1516 W. Grand Avenue | Gadsden, AL 35904 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☑ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☑ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____   Latest 10/26/2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Respondent hired me in March 2015 as an EMT-Basic. In September 2015, I learned I was pregnant. On or about September 30, 2015, my nurse practitioner advised that I should not lift more than 50 pounds. I notified my general manager, Mike Crowell, of the lifting restriction prior to my next shift which was scheduled for October 3, 2015.

I informed Mr. Crowell I wished to work through my pregnancy. He said I could not work with a lifting restriction. I requested a transfer to dispatch and/or a light/modified duty assignment. I was aware of five to six non-pregnant employees who were allowed light/modified duty assignments when they had lifting restrictions. Mr. Crowell responded that light/modified duty was only for those with lifting restrictions as the result of a worker's compensation injury, and that my pregnancy did not qualify. He said he would contact Human Resources about my situation.

Mr. Crowell called me back almost immediately and said he had spoken with Human Resources. He informed me that Human Resources said that my only option was an unpaid leave of absence, and that I should receive the paperwork in the mail in the next week. I was not allowed to return to work.

(continued on page 2 of 2)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

RECEIVED

| 11/12/15 | _Kimberlie M. Durham_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
|---|---|---|
| Date | Charging Party Signature | NOV 16 2015 |

**EXHIBIT A**

E.E.O.C.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☐ EEOC | 420-2016-00415 |
| | | and EEOC |

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

(continued from page 1 of 2)

I received the paperwork shortly after October 6, 2015. It was mailed to me by Jennifer Harmon, Senior Human Resources Manager. The paperwork said my leave would be unpaid, for up to 90 days, and prohibited me from working or seeking other employment during that time. The paperwork provided that there was a possibility the leave could be extended at the Respondent's discretion, but that if I did not return by the date chosen by the Respondent, I would forfeit my employment. Knowing that I needed, and was able, to work, and that my due date was not until March 2016, I could not sign the leave paperwork.

On or about October 9, 2015, I left a voicemail for Ms. Harmon to discuss the paperwork and my options. She did not return my call. I called her back on or about October 12, 2015. She spoke to me for approximately two minutes, and in a rude tone of voice stated it was company policy to place pregnant employees who did not qualify for FMLA leave on unpaid leave. She said this type of leave was all the company did for pregnant employees.

On or about October 26, I called Mike Crowell again to try to obtain a transfer to dispatch and/or light/modified duty. When he took my call, he said he did not have time on that day to talk to me, but would call me back to tell me what he had discovered from Human Resources. He did not sound hopeful and said there was no way for me to be on modified duty. He has yet to call me back.

I believe I have been discriminated against and constructively discharged by the Respondent due to my pregnancy. Even though non-pregnant employees with lifting restrictions have been accommodated with temporary transfers to dispatch and/or light/modified duty assignments, I have been denied those accommodations due to my pregnancy. Because of my pregnancy I have not been allowed to return to work, and the only option I have been given is unpaid leave that prohibits me from working in another job during that time. Because the options presented to me by the Respondent all preclude my ability to earn income at a time that I am able to do so, and need to do so, I view the Respondent's actions as effectively terminating my employment.

I believe I have been discriminated against based on my gender-related condition, pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 11/12/15 _____ _Ell Roberson_____ <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) <br><br> RECEIVED <br><br> NOV 16 2015 <br><br> E.E.O.C. <br> BIRMINGHAM DISTRICT |

 **U.S. Equal Employment Opportunity Commission**
**Birmingham District Office**
Ridge Park Place 1130 22nd Street Birmingham, AL 35205

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

### DIGITAL CHARGE SYSTEM PILOT PROGRAM

November 18, 2015

**To:** Theresa Reid
Corporate Human Resources Manager
RURAL/METRO CORPORATION
9221 E. Via De Ventura
Scottsdale, AZ 85258

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Kimberlie M. Durham under Title VII of the Civil Rights Act (Title VII). The circumstances of the alleged discrimination are based on Sex, and involve issues of Discharge and Terms/Conditions that are alleged to have occurred on or about Oct 26, 2015 at the earliest and Oct 26, 2015 at the latest.

The Birmingham District Office of EEOC is part of a pilot project to make investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access EEOC's secure online system: https://nxg.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 420-2016-00415
3. Enter this password: (b) (7) (c) 1 Line Redacted

PLEASE NOTE: By logging into the EEOC Respondent Portal, you are consenting to electronic service of this charge, and to communicate with the EEOC primarily through this digital system. Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses, and identify your EEOC point of contact for this charge.


EXHIBIT
B

If you have any questions regarding the Digital Charge System Pilot Program, you can send an inquiry via email to birmingham.intake@eeoc.gov. If you wish to opt-out of this pilot and receive all documents and communications in paper form, please notify EEOC via birmingham.intake@eeoc.gov within ten (10) days of receiving this Notice.

### Preservation of Records Requirement

EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeeping.cfm.

### Non-Retaliation Requirements

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

### Legal Representation

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   Kimberlie M. Durham

From:   Birmingham District Office
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

☐   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 420-2016-00415 | MICHAEL G. ALBERT, Investigator | (205) 212-2111 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission



Delner Franklin-Thomas,
District Director

JUL 0 1 2016

(Date Mailed)

Enclosures(s)

cc:   RURAL/METRO CORPORATION
Theresa Reid
Corporate Human Resources Manager
9221 E. Via De Ventura
Scottsdale, AZ 85258

Heather Leonard
HEATHER LEONARD, PC
Post Office Box 43768
Birmingham, AL 35243

**EXHIBIT**
tabbies
**C**