IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KIMBERLIE MICHELLE DURHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RURAL/METRO CORPORATION, )<br>)<br>Defendant. ) | **Civil Action Number:**<br><br>**4:16-cv-01604-ACA** |

**PLAINTIFF'S OBJECTIONS
IN OPPOSITION TO DEFENDANT'S BILL OF COSTS**

COMES NOW Plaintiff and tenders the following objections in opposition to the Defendant's Bill of Costs (Doc. 57).

1. Costs taxable are outlined in 28 U.S.C. §1920. Defendant's bill of costs includes items which should not be taxed against Plaintiff. Federal Rule of Civil Procedure 54(d) provides for taxable costs "[u]nless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d). The United States Supreme Court has long held that a district court may, in its discretion, refuse to tax costs against an unsuccessful plaintiff. *Farmer v. Arabian American Oil*

*Co.*, 379 U.S. 227 (1964).  Relying on the express language of Rule 54, the *Farmer* Court concluded that a court has the discretion to decline the taxation of costs against a non-prevailing party.  In *Crawford v. Gibbons*, 482 U.S. 437 (1987), the Supreme Court again reiterated its holding from *Farmer* that Rule 54(d) vests district courts with the discretion to grant or decline the taxation of costs.[1]  Furthermore, 28 U.S.C. § 1920 also provides that "[a] judge or clerk of any court of the United States may tax as costs" certain items, including witness fees and transcripts. As the Supreme Court made clear in *Crawford*, "Section 1920 is phrased permissibly because R.54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford*, 482 U.S. at 437-38. Plaintiff respectfully asserts that this Court should exercise the discretion vested in it under the rules and deny, in part or in its entirety, Defendant's bill of costs.

2.   Defendant claims $2,147.41 for fees for transcripts obtained for use in the case.  (Doc. 253, p. 1).

---

[1] Rule 54(d) of the Federal Rules of Civil Procedure specifically "vests the district court with the discretion to decide" whether or not to award such costs. *Chapman v. Al. Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000).  However, "Rule 54(d) does not give district judges 'unrestrained discretion to tax costs to reimburse a litigant for every expenses he has seen fit to incur in the conduct of his case.'" *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 294-95 (N.D. Ga 1991) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964)).

    a.    Generally, the only deposition costs recoverable are those for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(s).

        1.    Defendant filed in support of its motion for summary judgment the deposition transcript from the deposition of Kimberlie Durham (Doc. 42-1), deposition transcript from the deposition of Eric Morris (Doc. 42-2),[2] deposition transcript from the deposition of Mike Crowell (Doc. 42-3),[3] and the deposition transcript from the deposition of Minda Reaves (Doc. 42-4).[4]

        2.    Defendant did not file with the Court or use the deposition of Wesley Watkins ($51.60) or Chris Edwards ($58.05) (Doc. 57, p. 4) but claimed the costs for these depositions on the Bill of Costs). These depositions were not used in this case by Defendant so the costs of $109.65 are not properly included. *See Holmes v. Oxford Chemicals, Inc.*, 510 F.Supp. 915, 917 (M.D.Ala. 1981) *aff'd on other grounds*, 772 F.2d 854 (11th

---

[2]    Defendant did not file all of the exhibits to this deposition. Defendant only filed select exhibits that totaled 11 pages.

[3]    None of the 13 exhibits to this deposition were filed by the Defendant.

[4]    None of the 8 exhibits to this deposition were filed by the Defendant.

          Cir. 1982)(holding depositions not used at trial and not offered into evidence could not be taxed as costs).

3. Defendant included $562.50 in costs for the video taken of the Plaintiff's deposition. (Doc. 57, p. 7). Defendant did not use nor file the video of the Plaintiff's deposition in moving for summary judgment. Defendant has not made any showing of why the video of the Plaintiff's deposition was necessary nor has it shown how it was used in its defense of this case. Therefore, the costs are not properly included in the bill of costs. *Utopia Provider Sys. v. Pro-Med Clinical Sys., L.L.C.*, 2009 U.S. Dist. LEXIS 49902, *8, 2009 WL 1210998 (S.D. Fla. May 1, 2009) (declining to award the costs of video depositions included in a bill of costs); *Ferguson v. Bombardier Servs. Corp.*, 2007 U.S. Dist. LEXIS 103254, *39-40 (M.D. Fla. Jan. 30, 2007) (declining to award costs for video depositions when defendants took both video and stenographic depositions).

4. Defendants did not use the exhibits to Mike Crowell's deposition (68 pages at $13.60) or Minda Reaves ($28.20 in

        exhibit reproduction) in support of its motion for summary judgment. Defendant only used 11 of 152 pages of exhibits from Eric Morris's deposition. The invoice for his deposition indicates that 152 exhibit pages were billed at $45.60 or $0.30 a page. Therefore Defendant improperly included $42.30 in exhibit costs for Mr. Morris' deposition. Therefore the $84.10 attributable to deposition exhibits are not properly included in the bill of costs.

b.   Deposition costs incurred merely for convenience are not recoverable. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The deposition invoices submitted by Defendant (Doc. 57, pp. 3-7), contain charges for read and sign procedures ($40) and , shipping/processing and delivery ($50). This $90 for costs for the convenience of the Defendant is not recoverable a part of the Bill of Costs. *See Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012) ("In the absence of a showing by the Defendant as to the necessity of what appear to be convenience costs included in its Bill of Costs, this court finds, as others have, that those costs are not taxable pursuant to 28 U.S.C. § 1920(2)."); *see also Woods v.*

*Deangelo Marine Exhaust Inc.,* No. 08-81579-Civ., 2010 U.S. Dist. LEXIS 110293, 2010 WL 4116571 *8 (S.D. Fla. September 27, 2010) ("In this Court's experience, it is customary for stenographer's invoices to include additional expenses for services such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping. Where such extra services are only for the convenience of counsel, they are not reimbursable."); *American Guarantee & Liability Ins. Co. v. U.S. Fidelity & Guar. Co.*, No. 4:06CV655RWS, 2010 U.S. Dist. LEXIS 45379, 2010 WL 1935998 *7 (E.D. Mo. May 10, 2010) ("I will also reduce the Bill of Costs by $121.25 for the rough draft and electronic transcript because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" as required by § 1920.").

c.  Therefore, Plaintiff objects to $846.25 of costs listed in the Defendant's Bill of Costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff objects to the Defendant's bill of costs as seeking costs to which the Defendant is not entitled

                    Respectfully submitted,

                    /s/ Heather Newsom Leonard

Heather Newsom Leonard
AN ATTORNEY FOR PLAINTIFF
Heather Leonard, PC
P O Box 43768
Birmingham, AL 35243
205-977-5421
Fax: 205-278-1400
Email: heather@heatherleonardpc.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record on November 7, 2018, via the Court's electronic filing system on:

Tammy C. Woolley
CONSTANGY BROOKS SMITH & PROPHETE LLP
Two Chase Corporate Drive
Suite 120
Birmingham, AL 35244

Kacy L. Coble
CONSTANGY BROOKS SMITH & PROPHETE LLP
100 Peabody Place, suite 1165
Memphis, TN 38103

Steven W. Moore
CONSTANGY BROOKS SMITH & PROPHETE LLP
600 17th Street, suite 2700-S
Denver, CO 80202

/s/ Heather Newsom Leonard
OF COUNSEL