FILED

2018 Nov-07  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| KIMBERLIE MICHELLE DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action Number:** |
| v. | ) | |
| | ) | **4:16-cv-01604-ACA** |
| RURAL/METRO CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEAL

COMES NOW the Plaintiff Kimberlie Michelle Durham and hereby gives notice of her appeal to the United States Court of Appeals for the Eleventh Circuit from the order granting summary judgment entered in this case on October 9, 2018 (Doc. 56).  Attached hereto are the Order and Opinion being appealed.

Respectfully submitted,

/s/ Heather Newsom Leonard
Heather Newsom Leonard
AN ATTORNEY FOR PLAINTIFF
Heather Leonard, PC
P O Box 43768
Birmingham, AL 35243
205-977-5421

1

Fax: 205-278-1400
Email: heather@heatherleonardpc.com

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record on November 7, 2018, via the Court's electronic filing system on:

Tammy C. Woolley
CONSTANGY BROOKS SMITH & PROPHETE LLP
Two Chase Corporate Drive
Suite 120
Birmingham, AL 35244

Kacy L. Coble
CONSTANGY BROOKS SMITH & PROPHETE LLP
100 Peabody Place, suite 1165
Memphis, TN 38103

Steven W. Moore
CONSTANGY BROOKS SMITH & PROPHETE LLP
600 17th Street, suite 2700-S
Denver, CO 80202

/s/ Heather Newsom Leonard
OF COUNSEL

FILED

2018 Oct-09  PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **KIMBERLIE MICHELLE DURHAM,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 4:16-CV-01604-ACA** |
| | ) | |
| **RURAL/METRO CORPORATION,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>MEMORANDUM OPINION</u>

Plaintiff Kimberlie Durham ("Ms. Durham") sued her former employer, Defendant Rural/Metro Corporation ("Rural/Metro") for discrimination in violation of Title VII, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"). Ms. Durham's claim arises out of Rural/Metro's refusal to assign her a "light duty" or dispatch position after Ms. Durham's doctor imposed lifting restrictions during her pregnancy. Ms. Durham maintains that Rural/Metro intentionally refused to accommodate her lifting restrictions in the same way it accommodated other individuals with lifting restrictions because she was pregnant.

Before the court is Rural/Metro's motion for summary judgment. (Doc. 40). The parties have fully briefed the motion. (Docs. 41, 44, 45). For the reasons explained below, the court GRANTS the motion.

## I.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence in the light most favorable to the non-moving party. *Baas v. Fewless*, 886 F.3d 1088, 1091 (11th Cir. 2018). "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

## II.   BACKGROUND

On March 2, 2015, Rural/Metro hired Kimberlie Durham to work as an Emergency Medical Technician ("EMT") at their Pell City, Alabama location. (Doc. 1 at 3; Doc. 42-3 at 17). Rural/Metro describes an EMT as someone who "[r]esponds to emergency and non-emergency requests, provides Basic Life Support (BLS) as needed[,] and transports sick or injured people . . . ." (Doc. 42-2 at 114). There is a physical component to the job as well, which requires that EMT's "frequently lift and/or move up to 20 pounds and occasionally lift and/or move, with help, up to 100 pounds." (Doc. 42-2 at 115). According to Ms. Durham the physical demands of the job as physically lifting stretchers, moving patients,

2

restocking supplies, and moving equipment between trucks "[p]retty much all day long." (Doc. 42-1 at 17).

Mike Crowell managed Rural/Metro's Pell City, Alabama location where Ms. Durham worked. (Doc. 42-3 at 11, 17). In September 2015, approximately five months after she was hired, Ms. Durham told Crowell that she was pregnant. (Doc. 42-1at 19; Doc. 42-3at 31). In the same conversation, Ms. Durham also disclosed to Crowell that her doctor had restricted her from lifting more than fifty pounds during her pregnancy. (Doc. 42-1 at 20; Doc. 42-3at 31). Crowell told Ms. Durham that she would not be able "work on the truck" with the lifting restriction. (Doc. 42-1 at 21). Durham agreed. (*See* Doc. 42-1 at 21; doc. 42-3 at 25).

As an alternative to working on the truck, Ms. Durham requested that Crowell "move [her] to either light duty or dispatch."  (Doc. 42-1 at 21). Rural/Metro has a written "light duty" policy, formally known as the Transitional Work Program ("Light Duty Policy"). (Doc. 42-6).  Rural/Metro created the Light Duty Policy "to temporarily modify an employee's existing position or work schedule, or provide transitional assignments to accommodate temporary restrictions identified by an employee's medical provider." (Doc. 41, ¶17 (citing doc. 42-6)). By its terms, the Light Duty Policy only applies to employees who suffer from a work-related injury or illness. (Doc. 42-6).

3

Consistent with the Light Duty Policy, Crowell informed Ms. Durham that Rural/Metro only provided "light duty" to employees who suffered on the job injuries and were on workers' compensation. (Doc. 42-1 at 22). Thereafter, Crowell contacted Human Resources about Durham's pregnancy and lifting restriction. (Doc. 42-3 at 32). Human Resources confirmed that Ms. Durham was ineligible for light duty because she was not "workers' comp" and, as such, did not qualify for the "Transitional Work Program." (Doc. 42-3 at 28-29, 37).

In response to Ms. Durham's request for a "move" to dispatch, Mr. Crowell informed Ms. Durham that he would have to "get back with [her]." (Doc. 42-1 at 21). Mr. Crowell then discussed with Human Resources whether there were any open, off-truck positions. (Doc. 42-3 at 33-34). Mr. Crowell testified that his office was fully staffed and to put Ms. Durham on dispatch would be "creating an extra person that I did not need." (Doc. 42-3 at 36-37). During her deposition, Ms. Durham also testified that she was not aware of any available light duty positions at the time she sought accommodation. (Doc. 42-1 at 60). But in a declaration submitted after her deposition, she recalled open dispatch positions "at the time she informed Rural/Metro of her lifting restriction." (Doc. 44 at 10 (*citing* doc. 44-2, ¶3)).

Because Ms. Durham was not eligible for FMLA leave due to her short tenure at Rural/Metro, the only available option was unpaid personal leave. (Doc.

4

42-1 at 23, 27). Rural/Metro's Unpaid Personal Leave Policy "allows employees to take unpaid personal leave for medical reasons, and is available to employees who have either exhausted their leave under the FMLA, or are not eligible for FMLA leave." (Doc. 41, ¶ 21). Leave is granted for up to ninety days, with the possibility of an extension of up to an additional ninety days. (*Id.*). Employees are prohibited from taking unpaid personal leave "for the purpose pursuing another position, temporarily trying out new work, or venturing into business." (Doc. 43-8 at 3).

On October 6, 2015, Rural/Metro mailed Ms. Durham a letter advising that she could request a personal leave of absence. (Doc. 41, ¶ 25). The letter instructed Ms. Durham to complete the leave request and return it to Human Resources. (*Id.*). Ms. Durham reviewed the policy and understood its language to prohibit her from finding another job or filing for unemployment. (Doc. 44 at ¶ 18). Ms. Durham contacted Human Resources to ask if there were any other options outside of taking unpaid leave. (Doc. 42-1 at 27). She was advised that unpaid leave was her only option. (Doc. 42-1 at 27).

Ms. Durham decided not to sign the unpaid leave paperwork. (Doc. 1 at ¶ 38). She was not scheduled to work after September 28, 2015. (Doc. 44 at ¶13). On November 12, 2015, Ms. Durham filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging sex discrimination based on her pregnancy. (Doc. 43-13). Thereafter, she was issued a Notice of Right to Sue

and filed the instant action alleging pregnancy discrimination in violation of Title VII, as amended by the PDA.  (Doc. 42-5).

## III.   ANALYSIS

Ms. Durham's Complaint asserts a single cause of action against Rural/Metro for pregnancy discrimination under the Pregnancy Discrimination Act ("PDA"). (Doc. 1 at 8). She claims that she was denied the opportunity to continue to work at Rural/Metro while she was pregnant because Rural/Metro only allowed those afflicted with on the job injuries to perform light duty tasks. According to Ms. Durham, Rural/Metro's Light Duty Policy treats pregnant workers less favorably than it treats nonpregnant workers similar in their ability or inability to work. The court evaluates Ms. Durham's claim in the light most favorable to her.

A plaintiff asserting disparate treatment claim under the PDA has the same burden of proof as one stating a disparate treatment claim based on sex under Title VII.  She must prove that the defendant had discriminatory intent through direct or circumstantial evidence. *Denny v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001).  In the absence of direct evidence, "an individual pregnant worker who seeks to show disparate treatment through indirect evidence may do so through application of the *McDonnell Douglas* framework." *Young v. United Parcel Service, Inc.* 135 S. Ct. 1338, 1353 (2015). Under that framework, a plaintiff must establish a prima facie case of discrimination by "showing actions taken by the

employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion," in this case pregnancy. *Young,* 135 S. Ct. at 1353 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 575 (1978).

Here, Durham attempts to prove her pregnancy discrimination claim with circumstantial, rather than direct, evidence of discriminatory intent. (*See generally* docs. 1, 44). Accordingly, she carries the initial burden to establish: "(1) she was a member of a protected class, (2) she was qualified to do the job, (3) she was subjected to an adverse employment action, and (4) similarly situated employees outside the protected class were treated differently." *Young,* 135 S. Ct. at 1345 (internal citations omitted). It is undisputed that Durham establishes the first two elements of her prima facie case – that is, as a pregnant woman, she was a member of a protected class and that she was qualified for her EMT job at Rural/Metro. (Doc. 42-3 at 18).

Whether Ms. Durham suffered an adverse employment action is disputed. Ms. Durham alleges Rural/Metro "subjected [her] to adverse actions by not allowing her to continue to work, denying her a modified/light duty assignment, denying her a transfer to dispatch, and terminating and/or constructively discharging her." (Doc. 1 at ¶ 8). Rural/Metro contends that the denial of a light duty assignment and the denial of a transfer to dispatch do not, by definition,

7

constitute an adverse employment action. (Doc. 41 at 15-16). Further, Rural/Metro asserts that Durham voluntarily abandoned her job and, consequently, there was no adverse employment action when the company "administratively" terminated her. (Doc. 41 at 16-19). Also, in dispute, are the terms of the unpaid leave policy and whether it actually precluded Durham from seeking other employment. (Doc. 41, ¶ 23; Doc. 44, ¶ 23). Given these disputes, the court cannot determine as a matter of law that Ms. Durham suffered an adverse employment action. *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999), *cert. denied*, 529 U.S. 1109 (2000).

But even if Ms. Durham sustained her burden of proving an adverse employment action, she must also provide substantial evidence that Rural/Metro intentionally treated Ms. Durham less favorably than other persons not so affected but similar in their ability or inability to work. *Young*, 135 S. Ct. at 1345. To make this proof, Ms. Durham points to three employees allowed light/modified duty assignments when they had lifting restrictions. (Doc. 42-3 at 29). Ms. Durham contends that "[t]hese men and Ms. Durham were comparable: they all had lifting restrictions that prohibited them from lifting the amount of weight required for an EMT." (Doc. 44 at 23). According to Ms. Durham, "[t]he only difference was that [her] restriction arose from pregnancy as opposed to an on-the-job injury." (*Id.*).

Rural/Metro argues these three employees are not valid comparators for Ms. Durham because she did not suffer an on the job injury. (Doc. 41, p. 20). No one disputes that Rural/Metro accommodates employees who had lifting restrictions imposed due to an on the job injury. (Doc. 41 at ¶¶ 11, 17; Doc. 44 at ¶ 7). These accommodations are made pursuant to the Light Duty Policy. (Doc. 41, ¶ 17). Rural/Metro contends that Ms. Durham must offer substantial evidence of employees placed on light duty assignment who were injured off the job in order to survive summary judgment. This court agrees.

The PDA does not require an employer to provide special accommodations to its pregnant employees; instead, the PDA only ensures that pregnant employees are given the same opportunities and benefits as *nonpregnant* employees who are similarly limited in their ability to work. *See Spivey v. Beverly Enters., Inc.,* 196 F.3d 1309, 1312 (11th Cir.1999) ("The PDA does not require that employers give preferential treatment to pregnant employees."), abrogated, in part, on other grounds by *Young,* 135 S. Ct. 1338 (2015). If an employee's pregnancy prevents her from fulfilling the duties of her position, her employer is not obligated to treat her any differently than it would treat a nonpregnant employee who is in the same position. *See Armindo v. Padlocker, Inc.,* 209 F.3d 1319, 1320 (11th Cir.2000) ("[T]he Pregnancy Discrimination Act ... is not violated by an employer who fires an employee for excessive absences, unless the employer overlooks the

9

comparable absences of non-pregnant employees."); *see also Geier v. Medtronic, Inc.,* 99 F.3d 238, 242 (7th Cir.1996) ("[T]he Pregnancy Discrimination Act does not require that employers make accommodations for their pregnant workers; 'employers can treat pregnant women as badly as they treat similarly affected but nonpregnant employees.'" (quoting *Troupe v. May Dep't Stores Co.,* 20 F.3d 734, 738 (7th Cir.1994) (alterations omitted)).

Unlike the plaintiff in *Young,* Ms. Durham does not tender *any* evidence of non-pregnant employees with lifting restrictions assigned to light duty when they were injured outside of work or otherwise unable to perform their job functions. The Rural/Metro policy accommodates one discrete group of employees, not several different types of disabilities where "many" found accommodation by UPS. (Doc. 42-3 at 28-29); *see also Young* at 135 S. Ct. at 1344 (noting that UPS' policy "accommodates many, but not all workers with nonpregnancy-related disabilities"). And, in *Young* there was evidence that "[s]everal employees received accommodations following injury, where the record is unclear as to whether the injury was incurred on or off the job" and other evidence that "[s]ome employees were accommodated despite the fact their disabilities had been incurred off the job." *Id.* at 1347. In the absence of similar evidence, Ms. Durham cannot establish a genuine dispute as to whether Rural/Metro provided more favorable treatment to at least some employees whose situation cannot reasonably be

distinguished from hers. *See Young*, 135 S. Ct. at 1355. To hold otherwise, would afford Durham "an unconditional most-favored-nation status" and run afoul of congressional intent as discerned in *Young. Young*, 135 S. Ct. at 1350.

## IV.   CONCLUSION

For the reasons stated above, the court finds that there is no genuine issue of material fact and Rural/Metro is entitled to judgment as a matter of law. Accordingly, the court **GRANTS** Rural/Metro's motion for summary judgment. (Doc. 40).  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 9, 2018.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

FILED
2018 Oct-09  PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **KIMBERLIE MICHELLE DURHAM,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 4:16-CV-01604-ACA** |
| | ) | |
| **RURAL/METRO CORPORATION,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND FINAL JUDGMENT

This matter comes before the court on a motion for summary judgment filed by defendant Rural/Metro Corporation.  (Doc. 40).  For the reasons set out in the accompanying memorandum opinion, the court **GRANTS** the motion for summary judgment and **ENTERS SUMMARY JUDGMENT** in favor of defendant Rural/Metro Corporation and against Plaintiff.

The court DIRECTS the Clerk to close this case.

**DONE** and **ORDERED** this October 9, 2018.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

CLOSED,PROTECTIVE ORDER

# U.S. District Court
## Northern District of Alabama (Middle)
## CIVIL DOCKET FOR CASE #: 4:16-cv-01604-ACA

Durham v. Rural/Metro Corporation
Assigned to: Judge Annemarie Carney Axon
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 09/29/2016
Date Terminated: 10/09/2018
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Kimberlie Michelle Durham**

represented by **Heather N Leonard**
HEATHER LEONARD PC
2105 Devereux Circle, Suite 111
P.O. Box 43768 (35243)
Birmingham, AL 35243
205-977-5421
Fax: 205-278-1400
Email: Heather@HeatherLeonardPC.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Rural/Metro Corporation**

represented by **J Tobias Dykes**
THE UNIVERSITY OF ALABAMA
OFFICE OF COUNSEL
222 Rose Administration Bldg.
PO Box 870106
Tuscaloosa, AL 35487
205-348-5490
Fax: 205-348-8681
Email: jtdykes@uasystem.edu
*TERMINATED: 07/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tammy C Woolley**
CONSTANGY BROOKS SMITH &
PROPHETE LLP
Two Chase Corporate Drive
Suite 120
Birmingham, AL 35244
205-252-9321
Fax: 205-323-7674
Email: twoolley@constangy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tamula R Yelling**
Constangy, Brooks, Smith & Prophete, LLP
Two Chase Corporate Drive
Suite 120
Birmingham, AL 35244
205-252-9321
Fax: 205-323-7674
Email: tyelling@constangy.com
*TERMINATED: 05/31/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chinekwu Crystal Enekwa**
CONSTANGY, BROOKS, SMITH &
PROPHETE LLP
230 Peachtree Street NW
Suite 2400
Atlanta, GA 30303
404-230-6757
Email: cenekwa@constangy.com
*TERMINATED: 07/06/2018*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kacy L Coble**
CONSTANGY BROOKS SMITH &
PROPHETE
100 Peabody Place, Ste. 1165
Memphis, TN 38103
901-453-3275
Fax: 901-372-5815
Email: kcoble@constangy.com
*ATTORNEY TO BE NOTICED*

**Steven W Moore**
CONSTANGY BROOKS SMITH &
PROPHETTE LLP
600 17th Street, Suite 2700-S
Denver, CO 80202
720-343-7533
Email: smoore@constangy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tamika R Nordstrom**
CONSTANGY, BROOKS, SMITH &
PROPHETE LLP
230 Peachtree Street NW
Suite 2400
Atlanta, GA 30303
404-230-6791
Email: tnordstrom@constangy.com
*TERMINATED: 04/30/2018*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2016 | 1 | COMPLAINT against Rural/Metro Corporation, filed by Kimberlie Michelle Durham. (Attachments: # 1 Civil Cover Sheet)(JLC)(Entered: 09/29/2016) |
| 09/29/2016 | 2 | UNIFORM INITIAL ORDER - with appendices attached. Signed by Judge Virginia Emerson Hopkins on 9/29/2016. (KWC) (Entered: 09/29/2016) |
| 09/29/2016 | 3 | ORDER REGARDING RULE 7.1. Signed by Judge Virginia Emerson Hopkins on 05/11/2016. (KWC) (Entered: 09/29/2016) |
| 10/03/2016 | 4 | Request for service by certified mail filed by Kimberlie Michelle Durham. (Leonard, Heather) (Entered: 10/03/2016) |
| 10/03/2016 | | Filing Fee received in the amount of $400.00, NDAL receipt number B4601074737. (JLC) (Entered: 10/03/2016) |
| 10/03/2016 | 5 | Summons Issued as to Rural/Metro Corporation via certified U.S. Mail on this the 3rd day of October, 2016. (JLC) (Entered: 10/03/2016) |
| 10/11/2016 | 6 | SUMMONS Returned Executed upon Rural/Metro Corporation, served on 10/4/2016, answer due 10/25/2016. (JLC) (Entered: 10/11/2016) |
| 10/20/2016 | 7 | MOTION for Extension of Time to File Answer by Rural/Metro Corporation. (Yelling, Tamula) (Entered: 10/20/2016) |
| 10/24/2016 | 8 | ORDER granting 7 Motion for Extension of Time to Answer. Rural/Metro Corporation answer or other response due 12/12/2016. Signed by Judge Virginia Emerson Hopkins on 10/24/2016. (Hopkins, Virginia) (Entered: 10/24/2016) |
| 12/12/2016 | 9 | ANSWER to 1 Complaint by Rural/Metro Corporation.(Yelling, Tamula) (Entered: 12/12/2016) |
| 12/12/2016 | 10 | Corporate Disclosure Statement by Rural/Metro Corporation. filed by Rural/Metro Corporation (Yelling, Tamula) (Entered: 12/12/2016) |
| 01/25/2017 | 11 | REPORT of Rule 26(f) Planning Meeting. (Leonard, Heather) (Entered: 01/25/2017) |
| 02/03/2017 | 12 | MOTION for Leave to Appear Pro Hac Vice (Kacy L. Coble) by Rural/Metro Corporation. (JLC) (Entered: 02/03/2017) |
| 02/03/2017 | | PHV Fee paid for Kacy L. Coble in the amount of $50.00, receipt number B4601077720. (JLC) (Entered: 02/03/2017) |
| 02/06/2017 | 13 | TEXT ORDER GRANTING 12 Motion for Leave to Appear PHV contingent upon local counsel filing notice in this case, complying with Local Rule 83.1(b) (revised effective January 15, 2016). Specifically, pro hac counsel may not appear or file pleadings (other than those related to pro hac status) unless and until such counsel complies with Local Rule 83.1(b). Signed by Judge Virginia Emerson Hopkins on 2/6/2017. (KWC) (Entered: 02/06/2017) |
| 02/06/2017 | 14 | SCHEDULING ORDER: All Discovery due by October 27, 2017. All potentially Dispositive Motions due by November 27, 2017. See all other deadlines and instructions as set out herein. Signed by Judge Virginia Emerson Hopkins on 2/6/2017. (JLC) (Entered: 02/06/2017) |

| 02/06/2017 | 15 | QUALIFIED HIPAA PROTECTIVE ORDER. Signed by Judge Virginia Emerson Hopkins on 2/6/2017. (JLC) (Entered: 02/06/2017) |
|---|---|---|
| 02/08/2017 | 16 | NOTICE by Rural/Metro Corporation *Notice of Local Counsel In Compliance With Local Rule 83.1(b)(2)* (Yelling, Tamula) (Entered: 02/08/2017) |
| 02/09/2017 | 17 | TEXT ORDER granting 12 Motion for Leave to Appear PHV. Signed by Judge Virginia Emerson Hopkins on 2/9/2017. (KWC) (Entered: 02/09/2017) |
| 02/23/2017 | 18 | Joint MOTION for Protective Order by Kimberlie Michelle Durham. (Attachments: # 1 Text of Proposed Order)(Leonard, Heather) (Entered: 02/23/2017) |
| 02/23/2017 | 19 | ORDER GRANTING 18 Joint MOTION for Protective Order and the Court hereby enters the PROTECTIVE ORDER set out herein. Signed by Judge Virginia Emerson Hopkins on 2/23/2017. (JLC) (Entered: 02/23/2017) |
| 05/26/2017 | 20 | NOTICE of Appearance by J Tobias Dykes on behalf of Rural/Metro Corporation (Dykes, J) (Entered: 05/26/2017) |
| 05/26/2017 | 21 | MOTION to Withdraw as attorney *Unopposed* by Rural/Metro Corporation. (Yelling, Tamula) Modified on 5/31/2017 (KWC) (Entered: 05/26/2017) |
| 05/31/2017 | 22 | TEXT ORDER granting 21 Motion to Withdraw as Attorney. Attorney Tamula R Yelling terminated. Signed by Judge Virginia Emerson Hopkins on 5/31/2017. (KWC) (Entered: 05/31/2017) |
| 07/17/2017 | 23 | NOTICE of Appearance by Tammy C Woolley on behalf of Rural/Metro Corporation (Woolley, Tammy) (Entered: 07/17/2017) |
| 07/17/2017 | 24 | MOTION to Withdraw as Attorney by Rural/Metro Corporation. (Dykes, J) Modified title on 7/17/2017 (KWC) (Entered: 07/17/2017) |
| 07/17/2017 | 25 | TEXT ORDER granting 24 Motion to Withdraw as Attorney. Attorney J Tobias Dykes terminated. Signed by Judge Virginia Emerson Hopkins on 7/17/2017. (KWC) (Entered: 07/17/2017) |
| 07/18/2017 | 26 | MOTION for Leave for Tamika R. Nordstrom to Appear Pro Hac Vice by Rural/Metro Corporation. (JLC) (Entered: 07/18/2017) |
| 07/18/2017 | | PHV Fee paid for Tamika R. Nordstrom in the amount of $50.00, receipt number B4601081713. (JLC) (Entered: 07/18/2017) |
| 07/19/2017 | 27 | TEXT ORDER GRANTING 26 Motion for Leave to Appear PHV.,CONTINGENT upon a notice being filed by local counsel accepting duties set out in Local Rule 83.1(b)(2) Designation and Duties of local counsel. Signed by Judge Virginia Emerson Hopkins on 7/19/2017. (KWC) (Entered: 07/19/2017) |
| 07/19/2017 | 28 | NOTICE by Rural/Metro Corporation *Notice of Local Counsel In Compliance With Local Rule 83.1(b)(2)* (Woolley, Tammy) (Entered: 07/19/2017) |
| 07/20/2017 | 29 | TEXT ORDER granting 26 Motion for Leave to Appear PHV. Signed by Judge Virginia Emerson Hopkins on 7/20/2017. (KWC) (Entered: 07/20/2017) |
| 10/17/2017 | 30 | Joint MOTION for Extension of Time to Complete Discovery by Kimberlie Michelle Durham. (Leonard, Heather) (Entered: 10/17/2017) |
| 10/18/2017 | 31 | ORDER granting 30 Motion for Extension of Time to Complete Discovery -- the new discovery deadline is January 25, 2018. the new dispositive motions deadline is February 26, 2018. Signed by Judge Virginia Emerson Hopkins on 10/18/17. (JTR) (Entered: 10/18/2017) |

| 10/18/2017 | | Set/Reset Scheduling Order Deadlines: Discovery due by 1/25/2018. Dispositive Motions due by 2/26/2018. (KWC) (Entered: 10/18/2017) |
|---|---|---|
| 01/23/2018 | 32 | NOTICE by Kimberlie Michelle Durham *Request for Discovery Conference* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Leonard, Heather) (Entered: 01/23/2018) |
| 01/25/2018 | 33 | Opposition to re 32 *Defendant's Opposition to Plaintiff's Request for Discovery Conference* filed by Rural/Metro Corporation. (Woolley, Tammy) (Entered: 01/25/2018) |
| 01/30/2018 | 34 | ORDER SCHEDULING TELEPHONE CONFERENCE; A Telephone Conference is hereby set for Thursday, February 8, 2018, at 10:00 a.m., in Hugo L Black US Courthouse, Birmingham, AL before Judge Virginia Emerson Hopkins. Parties are to call 877-402-9757 (ACCESS #4216828) five minutes prior to start of conference. Signed by Judge Virginia Emerson Hopkins on 1/30/2018. (JLC) (Entered: 01/30/2018) |
| 02/08/2018 | 35 | ORDER re DISCOVERY CONFERENCE held by telephone today with counsel for the parties. Consistent with that conference, the Court hereby ORDERS the following as set out herein with consent of the parties. Signed by Judge Virginia Emerson Hopkins on 2/8/2018. (JLC) (Entered: 02/08/2018) |
| 02/08/2018 | 36 | MOTION for Leave to Appear Pro Hac Vice *Crystal Enekwa* by Rural/Metro Corporation. (Woolley, Tammy) (Entered: 02/08/2018) |
| 02/08/2018 | | PHV Fee paid for Crystal Enekwa in the amount of $50.00, Credit Card receipt number 1126-3023756, NDAL receipt #B4601086658. (Woolley, Tammy) Modified on 2/8/2018 (JLC). (Entered: 02/08/2018) |
| 02/08/2018 | | Minute Entry for proceedings held before Judge Virginia Emerson Hopkins: Telephone Conference held on 2/8/2018 re doc 32 . (KWC) (Entered: 02/12/2018) |
| 02/12/2018 | 37 | TEXT ORDER GRANTING 36 Motion for Leave to Appear PHV, CONTINGENT upon a notice being filed by local counsel accepting duties set out in Local Rule 83.1(b)(2) Designation and Duties of local counsel. Signed by Judge Virginia Emerson Hopkins on 2/12/2018. (KWC) (Entered: 02/12/2018) |
| 02/12/2018 | 38 | NOTICE by Rural/Metro Corporation *Notice of Local Counsel in Compliance With Local Rule 83.1(b)(2)* (Woolley, Tammy) (Entered: 02/12/2018) |
| 02/12/2018 | 39 | TEXT ORDER granting 36 Motion for Leave to Appear PHV. Signed by Judge Virginia Emerson Hopkins on 2/12/2018. (KWC) (Entered: 02/12/2018) |
| 02/26/2018 | 40 | MOTION for Summary Judgment by Rural/Metro Corporation. (Woolley, Tammy) (Entered: 02/26/2018) |
| 02/26/2018 | 41 | Brief re 40 MOTION for Summary Judgment . (Woolley, Tammy) (Entered: 02/26/2018) |
| 02/26/2018 | 42 | Evidentiary Material re: 40 MOTION for Summary Judgment . (Attachments: # 1 Exhibit 1 - Deposition of Kimberlie Durham, # 2 Exhibit 2 - Deposition of Eric Morris, # 3 Exhibit 3 - Deposition of Mike Crowell, # 4 Exhibit 4 - Deposition of Minda Reaves, # 5 Exhibit 5 - Notice of Right to Sue, # 6 Exhibit 6 - Transitional Work Program)(Woolley, Tammy) (Entered: 02/26/2018) |
| 03/19/2018 | 43 | Evidentiary Material *in Opposition to Defendant's Motion for Summary Judgment*. (Attachments: # 1 Exhibit 1 - Affidavit of Jennifer Harmon, # 2 Exhibit 2 - Declaration of Kimberlie Michelle Durham, # 3 Exhibit 3 - Deposition of Chris Edwards, # 4 Exhibit 4 - Deposition of Wesley Watkins, # 5 Exhibit 5 - Plaintiff's First Request for Admission to |

| | | Defendant, # 6 Exhibit 6 - Defendant's Responses to Plaintiff's First Request for Admission, # 7 Exhibit 7 - Handbook, # 8 Exhibit 8 - Personal Leave Policy, # 9 Exhibit 9 - Defendant's Interrogatory Answers, # 10 Exhibit 10 - Email Exchange Between Nov 10-18, 2015, # 11 Exhibit 11 - Email Exhange Between Nov 10 and Dec 30, 2015, # 12 Exhibit 12 - Notice of Charge of Discrimination, # 13 Exhibit 13 - Charge of Discrimination, # 14 Exhibit 14 - Unemployment Notice of Claim and Request for Separation Information, # 15 Exhibit 15 - Transitional Work Assignment Offers of Agreement)(Leonard, Heather) (Entered: 03/19/2018) |
|---|---|---|
| 03/19/2018 | 44 | Brief *in Opposition to Defendant's Motion for Summary Judgment* filed by Kimberlie Michelle Durham. (Leonard, Heather) (Entered: 03/19/2018) |
| 04/02/2018 | 45 | REPLY to Response to Motion re 40 MOTION for Summary Judgment filed by Rural/Metro Corporation. (Woolley, Tammy) (Entered: 04/02/2018) |
| 04/27/2018 | 46 | MOTION to Withdraw as Attorney *(Tamika Nordstrom)* by Rural/Metro Corporation. (Woolley, Tammy) (Entered: 04/27/2018) |
| 04/30/2018 | 47 | TEXT ORDER granting 46 Motion to Withdraw as Attorney. Attorney Tamika R Nordstrom terminated. Signed by Judge Virginia Emerson Hopkins on 4/30/2018. (KWC) (Entered: 04/30/2018) |
| 05/10/2018 | 48 | MOTION for Leave to Appear Pro Hac *Vice* by Rural/Metro Corporation. (Woolley, Tammy) (Entered: 05/10/2018) |
| 05/18/2018 | 49 | TEXT ORDER granting 48 Motion for Leave to Appear PHV, CONTINGENT upon payment of fee. Signed by Judge Virginia Emerson Hopkins on 5/18/2018. (KWC) (Entered: 05/18/2018) |
| 05/18/2018 | | PHV Fee paid for Steven W. Moore in the amount of $50.00, Credit Card receipt number 1126-3091112, NDAL receipt #B4601089094. (Woolley, Tammy) Modified on 5/21/2018 (JLC). (Entered: 05/18/2018) |
| 05/18/2018 | 50 | TEXT ORDER granting 48 Motion for Leave to Appear PHV. Signed by Judge Virginia Emerson Hopkins on 5/18/2018. (KWC) (Entered: 05/18/2018) |
| 05/21/2018 | 51 | NOTICE by Rural/Metro Corporation (Woolley, Tammy) (Entered: 05/21/2018) |
| 06/20/2018 | 52 | NOTICE TO COUNSEL - This case is being reassigned from Judge Virginia Emerson Hopkins to Judge Annemarie Carney Axon. Please use case number 4:16-cv-1604-ACA on all subsequent pleadings. (KEK) (Entered: 06/20/2018) |
| 06/27/2018 | 53 | MOTION to Withdraw as Attorney *of Cristyal Enekwa* by Rural/Metro Corporation. (Woolley, Tammy) (Entered: 06/27/2018) |
| 07/06/2018 | 54 | **TEXT ORDER:** The defendant's motion to withdraw Crystal Enekwa as an attorney of record (Doc. 53) is GRANTED. Signed by Judge Annemarie Carney Axon on 7/6/2018. (TLM, ) (Entered: 07/06/2018) |
| 10/09/2018 | 55 | MEMORANDUM OPINION. Signed by Judge Annemarie Carney Axon on 10/9/2018. (TLM, ) (Entered: 10/09/2018) |
| 10/09/2018 | 56 | ORDER DISMISSING CASE For the reasons set out in the accompanying memorandum opinion, the court GRANTS the motion for summary judgment and ENTERS SUMMARY JUDGMENT in favor of defendant Rural/Metro Corporation and against Plaintiff. Signed by Judge Annemarie Carney Axon on 10/9/2018. (TLM, ) (Entered: 10/09/2018) |
| 10/26/2018 | 57 | BILL OF COSTS by Rural/Metro Corporation. filed by Rural/Metro Corporation (Woolley, Tammy) (Entered: 10/26/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/07/2018 12:40:18 | | | |
| **PACER Login:** | hnleonard:2705740:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:16-cv-01604-ACA |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |