FILED

2021 Feb-08  PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **KIMBERLIE MICHELLE DURHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:16-cv-01604-ACA** |
| | ) | |
| **RURAL/METRO CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DAMAGES

Defendant Rural/Metro Corporation ("Defendant"), by and through its undersigned counsel, hereby moves the Court, pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37(c)(1), for an Order excluding evidence of certain damages at trial as a result of Plaintiff's failure to timely disclose information as required by Fed. R. Civ. P. 26(a)(1)(A)(iii) and to timely supplement her discovery responses. The undersigned counsel hereby certifies that she has conferred with Plaintiff's counsel, and is advised that Plaintiff opposes this Motion.

Fed. R. Civ. P. 26(a)(1)(A)(iii) requires a party who is seeking damages to not only provide a computation of damages but also to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Furthermore, Rule 26 requires a party to supplement its

119357246.v1

mandatory disclosures "at appropriate intervals" if that party "learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Under Rule 37(c)(1), if a party fails to provide information as required by Rule 26(a) or (e), "the party is <u>not allowed</u> to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (emphasis added). The Court, on motion and after an opportunity to be heard, may impose appropriate sanctions for such failure, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).  "The burden is on the party facing the [discovery] sanctions ... to make the requisite showing of harmlessness" under Federal Rule of Civil Procedure 37(c). *Abrams v. Ciba Specialty Chemicals Corp.,* 2010 WL 779283, *29 (S.D.Ala. Mar. 2, 2010); *Harrison Bros. Dry Dock & Repair Yard, Inc. v. Pan Agri International, Inc.,* 2009 WL 3273926, *3 (S.D.Ala. Oct. 9, 2009).

In this case, Plaintiff is seeking backpay from the date of termination to the date of trial. *See* Plaintiff's Initial Disclosures, Second Supplement, dated January 3, 2018, attached as **Exhibit A**. Plaintiff also claims she is entitled to overtime pay and any penalty for the loss thereof. Additionally, Plaintiff seeks reasonable front

pay, compensatory damages, and interest. In its discovery requests in this case, Defendant made multiple requests seeking records of Plaintiff's earnings after she left her employment with Defendant. *See* Plaintiff's Responses to Defendant's First Requests for Production to Plaintiff, at 8-9, attached as **Exhibit B**. Yet, Plaintiff has failed to disclose documents under Rule 26 or supplement her disclosures to produce documents or other evidentiary material that would reveal evidence of her damages beyond 2015 and part of 2016.

In support of her damages claims, Plaintiff produced a "Backpay Chart Showing Losses Through December 31, 2017," which is listed as Exhibit 35 on Plaintiff's Exhibit List. *See* Backpay Chart, attached as **Exhibit C**. According to Plaintiff's Exhibit List, the Backpay Chart was created by James Leonard, Plaintiff's Counsel's Husband. Plaintiff has indicated that he will testify regarding the computation of damages in the Backpay Chart if Defendant does not stipulate to its admissibility. However, Mr. Leonard was not disclosed as a witness during discovery and has not sought to be admitted as an expert witness who can opine on methods for calculating damages. Allowing an undisclosed lay witness with a personal relationship to counsel to provide opinion testimony about a damages exhibit would be unfairly prejudicial to Defendant. Accordingly, his testimony should be excluded pursuant to Fed R. Civ. P. 37(c)(1), Rule 26(a)(1)(A)(i), Fed. R. Evid. 701, and Fed. R. Evid. 403.

Additionally, Plaintiff has not produced documentation to support much of the information in the Backpay Chart. Plaintiff has produced documentation related to 2015 (including earnings statements, W-2, and tax return), and has produced a W-2 and earning statements related to work performed for Personnel Staffing in early 2016. Plaintiff has not produced her tax return for 2016 or any documents showing the basis of her damages calculations in 2017. Plaintiff has not produced any documents asserting or supporting damages beyond 2017. Moreover, Rural/Metro sold its Alabama operations in October 2016, which cuts off any causal link to Defendant related to damages. *See* Defendant's Response to Interrogatory No. 9, attached as **Exhibit D**. Plaintiff has not provided a front pay computation or any underlying financial records from which a front pay computation can be made for future losses.

In any case, Plaintiff cannot show that her Rule 26(a) violation was substantially justified or harmless. To the contrary, the fact that, just one month before trial, Defendant has not been able to adequately prepare to respond to Plaintiff's claimed damages is severely prejudicial to Defendant. Defendant should not have to hear Plaintiff's allegations and computation of damages for 2016 through the present for the very first time at trial. Defendant should not have rely on a summary Backpay Chart prepared by Plaintiff's counsel's husband as the only

119357246.v1

purported evidence of the damages allegedly suffered by Plaintiff beyond early 2016.

Plaintiff has also failed to provide any computation of the compensatory damages she is seeking. She has listed several unauthenticated hospital bills in her Exhibit List, but has not provided any explanation how such bills are even related to the case. Without authentication of the bills, further documentation about the amount ultimately paid by Plaintiff, and an explanation of the relevance of such alleged damages, the introduction of such bills is not relevant and could be unfairly prejudicial to Defendant. Therefore, Exhibits 27 and 28 should be excluded pursuant to Fed R. Civ. P. 37(c)(1), Rule 26(a)(1)(A)(i), Fed. R. Evid. 401, and Fed. R. Evid. 403.

Courts routinely exclude evidence of damages where the parties have failed to comply with the requirements of Rule 26. *See, e.g.*, *Bolton v. WJV Mississippi, Inc.,* 2011 WL 482817, at *11-12 (S.D. Ala. Feb. 7, 2011) (excluding evidence related to untimely disclosure of medical bills). Thus, Defendant requests that the Court enter an order sanctioning Plaintiff for her failure to produce evidence of damages by striking her claims for back pay and front pay beyond early 2016 and any claims for compensatory damages based on the hospital bills in Exhibits 27 and 28. Furthermore, Defendant requests that the Court exclude the introduction of Exhibit 35 (Backpay Chart) and the testimony of James Leonard.

119357246.v1

Respectfully submitted this 8th day of February, 2021.

/s/Tammy C. Woolley

Tammy C. Woolley (ASB-6204-E67T)
**CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP**
2 Chase Corporate Drive, Suite 120
Birmingham, Alabama 35244
(205) 226-5468
twoolley@constangy.com

Steven W. Moore (CO Bar No. 23320)
Admitted *Pro Hac Vice*
Heidi Wilbur (CO Bar No. 42456)
Admitted *Pro Hac Vice*
Colorado Bar No. 23320
**FOX ROTHSCHILD LLP**
1225 17th Street
Suite 2200
Denver, CO  80202
Tel. (303) 383-7665
swmoore@foxrothschild.com
Tele. (303)383-7668
hwilbur@foxrothschild.com

ATTORNEYS FOR DEFENDANT

119357246.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a true and correct copy of the foregoing, using the Court's CM/ECF system, which will automatically send e-mail notification of said filing to:

> Heather Newsom Leonard
> HEATHER LEONARD, P.C.
> 2105 Devereux Circle, Suite 111
> Birmingham, Alabama 35243
> heather@heatherleonardpc.com

This 8th day of February, 2021.

/s/Tammy C. Woolley
Tammy C. Woolley

119357246.v1