# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| KIMBERLIE MICHELLE DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 4:16-cv-01604-ACA |
| RURAL/METRO CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DAMAGES (DOC. 90)

COMES NOW the Plaintiff and opposes the Defendant's motion seeking to exclude evidence of Plaintiff's damages.

## SUMMARY OF THE CASE

This is a pregnancy discrimination case. Plaintiff, Kimberlie Michelle Durham ("Durham"), alleges Defendant Rural/Metro Corporation ("Rural/Metro") violated the Pregnancy Discrimination Act when it refused to allow her to continue working after Rural/Metro learned of her pregnancy and pregnancy-related lifting restriction. Durham maintains that Rural/Metro

Plaintiff's Response to Defendant's Motion In Limine on Damages
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
1

unlawfully denied her the accommodation of working in a position which met her restrictions, such as dispatch, when it would create work for non-pregnant employees even if an open position did not exist. Rural/Metro constructively discharged Durham causing her injury. She seeks the damages permitted by Title VII of the Civil Rights Act of 1964, as amended, including backpay, compensatory damages, punitive damages, injunctive relief, and costs, including a reasonable attorney's fee.

## STANDARD OF REVIEW

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
2

test issues of law, or to address or narrow the issues to be tried." *LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (*citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV, 2008 U.S. Dist. LEXIS 44417, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)).[1] "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *In re Seroquel*, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.*

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998); *see also United States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir.

---

[1] Such a determination goes beyond the proper scope of a motion in limine. *See Whidden v. Roberts*, 334 F.R.D. 321, 324-25 (N.D. Fla. 2020) ("A motion *in limine* is not a permissible substitute for a motion for summary judgment."); *Arthrex, Inc. v. Parcus Med., LLC*, 2014 U.S. Dist. LEXIS 81504, 2014 WL 2700802, *1 (M.D. Fla. June 13, 2014) (agreeing with plaintiff that defendant's argument regarding insufficient evidence was "essentially a motion for summary judgment" and "is not a proper motion in limine"); *Burkhart v. R.J. Reynolds Tobacco Co.*, 2014 U.S. Dist. LEXIS 200593, 2014 WL 12617550, *4 (M.D. Fla. Apr. 30, 2014) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence.").

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
**United State District Court for the Northern District of Alabama**
**Civil Action Number 4:16-cv-0104-ACA**
3

2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

Rural/Metro's motion argues Durham did not provide information to prove her damages claim, so evidence or argument relating to damages should be excluded from the jury's consideration. Rural/Metro's motion should be denied because Durham complied with her obligations under Rule 26, Rural/Metro never alleged any deficiency with Durham's discovery responses or disclosures, Rural Metro deposed Durham on August 8, 2017 and had the opportunity to examine her on her damages, and Rural/Metro has not demonstrated that introduction of evidence of the Plaintiff's damages would irretrievably affect the fairness of the trial.

## ARGUMENT

In this action, Durham seeks the damages permitted by Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act. She will ask for lost wages, inclusive of interest, of $59,593.99. (Doc. 94).[2] This represents her net lost

---

[2] This calculation was done on a quarterly basis, consistent with Eleventh Circuit precedent. *Darnell v. City of Jasper,* 730 F.2d 653, 657 (11th Cir.1984) (rejecting an aggregate earnings formula for Title VII backpay calculations in favor of a quarterly earnings formula where earnings in one quarter do not offset losses in another). Durham did not include any

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
**United State District Court for the Northern District of Alabama**
**Civil Action Number 4:16-cv-0104-ACA**
4

wages in 2015 and 2016 and interest calculated through the date of trial. She also seeks compensatory and punitive damages to be determined and by the jury. (Doc. 94). For those categories of damages, she will not request a specific dollar award, but instead will ask the jury to award an amount which it thinks is fair. (Doc. 94). Durham also seeks injunctive relief to be awarded by the Court and costs, including fees.

Rural/Metro's motion seeks "an Order excluding evidence of certain damages at trial" (Doc. 90, p. 1), specifically the backpay chart(s) produced by Durham in discovery,[3] evidence of lost wages after Rural/Metro stopped doing business in Alabama in late 2016, and the testimony of James Leonard (Plaintiff's counsel's office manager/husband) as to how he put together the backpay chart

---

unemployment compensation in the computation because unemployment compensation benefits received from a state fund are not deductible from a Title VII backpay award. *Brown v. A. J. Gerrard Manufacturing Co.*, 715 F.2d 1549 (11th Cir. 1983) (en banc).

Durham's lost wages calculation also included interest. The decision to award prejudgment interest on backpay lies within the discretion of the court. *E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987). There is a presumption in favor of prejudgment interest. *See Richardson v. Tricom Pictures & Prods., Inc.*, 334 F. Supp. 2d 1303, 1316 (S.D. Fla. 2004); *see also Cote v. Shinseki*, No. 8:07-cv-1524-T-TBM, 2009 WL 3246602, at *6 (M.D. Fla. 2009) (holding that prejudgment interest is appropriate to adjust the back pay award for inflation and reflect the present-day value of income that should have been paid to the plaintiff in the past) (citation omitted). Prejudgment interest must be computed on a quarter-by-quarter basis at the rate specified by the National Labor Relations Board ("NLRB"). *Guardian Pools, Inc.*, 828 F.2d at 1512 (in Title VII case, following National Labor Relations Act (NLRA) practice to award interest on back pay awards based on IRS prime rates).

[3]   It is Plaintiff's intent to use as an exhibit and/or demonstrative the chart filed with her damages statement (Doc. 94-1) as opposed to earlier charts.

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
**United State District Court for the Northern District of Alabama**
**Civil Action Number 4:16-cv-0104-ACA**
5

filed with Plaintiff's damages statement (Doc. 94-1).[4] However, the motion appears to argue generally that Durham should not be able to put on any evidence of damages.

> I. RURAL/METRO'S MOTION IS UNTIMELY BECAUSE IT DID NOT MOVE TO COMPEL ANY ALLEGED DEFICIENT DAMAGES INFORMATION.

Rural/Metro's motion is a *de facto* motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure without the predicate motion to compel being filed. Rural/Metro neither argued to Durham her damages information was deficient, nor moved to compel her to provide additional information. Nonetheless, Rural/Metro now moves for a discovery sanction of precluding Durham from arguing damages at trial based on information and evidence disclosed during discovery. Discovery disputes are to be addressed in a timely manner under the Federal Rules of Civil Procedure, and discovery issues raised after the close of discovery due to be denied as untimely. *See Branch Banking & Trust Co., v. Shirley Inv. Props.*, 2013 U.S. Dist. LEXIS195874, *2 (M.D. Fla. Nov. 25, 2013) (finding "the completion date for discovery means just that – *all discovery must be completed by that date*) (emphasis in original); *Ellison v. Windt*, 2001 U.S. Dist.

---

[4] Durham is not seeking reinstatement of front pay in reliance on Defendant's representation that Rural/Metro is no longer operating in Alabama, and she does not want to relocate to another state to obtain reinstatement.

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
6

LEXIS 1347 (M.D. Fla 2001) (motion to strike filed after discovery deadline untimely); *see also Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-201 (E.D. Mich. 2002 (reviewing cases from various districts citing the general principle that discovery matters must be addressed before the close of discovery); *Sales v. State Farm Fire and Casualty Co.*, 632 F. Supp. 435 (N.D. Ga. 1986) (motion to compel filed after the close of discovery untimely).

Rural/Metro had the benefit of Durham's deposition to question her about her damages[5] and a generous discovery period to pursue additional discovery on damages and raise issues of any alleged deficiencies with Durham or the Court. Rural/Metro did not act in a diligent or timely manner to bring any alleged deficiencies to Durham's or the Court's attention. Its motion should be denied.

II. DURHAM'S BACKPAY DAMAGES COMPUTATION COMPLIES WITH RULE 26(A)(1)(a)(iii.)

Durham seeks backpay from her termination through trial. Because Rural/Metro stopped doing business in Alabama in October 2016, as represented by the Defendant in its motion in limine, Durham's calculation of net lost wages stops as of October 31, 2016, but her interest calculations continue through trial.[6]

---

[5] When Rural/Metro deposed Durham in August 2017, it asked her about her damages. (Doc. 42-1, Durham Deposition, pp. 12 – 16 (deposition pages 40:12-47:16 and 48:11-55:15).

[6] The interest rates used by Durham are publicly available on the National Labor Relation Board's website (the link was included on Durham's backpay charts). Updating the interest

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
7

Federal Rule of Civil Procedure 26 governs the disclosure requirement at the heart of Rural/Metro's motion. It provides, in relevant part,

> [e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> …
>
> (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected form disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Durham's initial disclosures, served January 26, 2017, included a chart showing her backpay computation through the end of that year. (Doc. 95-1, Ex 1 – Combined Disclosures Served by the Plaintiff; Doc. 95-2, Ex 2 – Combined Production of Backpay Charts, Bates Nos. 12-13).[7] Durham disclosed she was

---

calculation is something the Defendant can do absent any supplement or updated calculation from Durham. Rural/Metro does not suffer any prejudice because of any failure to update interest calculations.

[7]   At the time Rule 26 disclosures are exchanged, exact calculations of lost wages are typically premature. At least one court has noted that it would be the equivalent of "arguing over the birth weight of a baby 3 months into the pregnancy." *See Pine Ridge Recycling v. Butts County*, 889 F. Supp. 1526, 1527 (M.D. Ga. 1995). Typically, lost wages are calculated using the Defendant's records to get an exact calculation of the Plaintiff's final rate of pay and multiplying that by the time from her termination to the date of trial and subtracting any interim earnings. The value of benefits likewise is typically calculated using Defendant's documents which assign

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
8

seeking backpay from the date of her termination to the date of trial.[8] In addition to the backpay chart, she produced the paychecks she had from the Defendant. (Doc. 95-1, Ex 1 – Disclosures). She supplemented her disclosures on March 11, 2017, to include an updated backpay chart (Doc. 95-1, Ex 1 – Disclosures; Doc. 95-2, Backpay Chart Bates Nos. 54-55), her resume, and her tax documents for 2015 and 2016, and her pay records from subsequent employers. (Doc. 95-1, Ex 1 – Disclosures).[9]

Durham is not seeking net lost wages after Rural/Metro stopped doing business in Alabama. She only seeks interest for that period. Any records relating to her interim earnings after that period would not be relevant to the calculation considering the Eleventh Circuit's quarterly computation method. Durham provided Rural/Metro the information required by Rule 26(a)(1)(A)(iii). She provided the method she would use to calculate backpay. She provided the

---

a dollar value to those benefits. In most cases, the Defendant is in a position equal if not superior to the Plaintiff with respect to calculating the Plaintiff's gross back pay since its documents and information form the backbone of that calculation.

[8]   Throughout discovery, Plaintiff continually asked the Defendant to confirm its last date of operation in Alabama and provide proof it was no longer operating in the state because there were still ambulances on the road bearing the name "Rural/Metro." Throughout discovery, Plaintiff's counsel made clear to defense counsel that she would stop calculating net backpay as of the last date of operation and would only pursue interest for the remaining quarters until trial. The lost wages chart filed as part of the Plaintiff's damages statement (Doc. 94-1) reflects this.

[9]   These documents were also supplied in response to the Defendant's Request for Production of Documents.

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
9

documents in her possession she could use to prove her backpay claim. She provided a chart showing her calculations. She answered deposition questions about her backpay and interim earnings. She fulfilled her Rule 26 obligations. Rural Metro's motion should be denied.

      III.    DURHAM'S NON-ECONOMIC DAMAGES COMPUTATION COMPLIES WITH RULE 26(A)(1)(a)(iii.).

The next issue is whether Rule 26 requires a precise economic calculation for economic damages based on emotional distress.[10] In employment cases, compensatory damages are frequently established through testimony as opposed to documents. With respect to a precise calculation, non-economic damages based on emotional distress or pain and suffering "generally are not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii)." *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("[s]ince compensatory damages for

---

[10] Rural/Metro attacks Durham's ability to use medical bills she received in 2016 which would have been covered by her health insurance had she not been constructively discharged by the Defendant. Rural/Metro argues "Plaintiff has not provided any explanation how such bills are even related to the case" and that the documents are not authenticated. As to the authentication, Durham can testify to receiving and being financially responsible for payment of the bills. *Joseph v. Liberty Mut. Grp., Inc.*, No. 3:16CV-00642-JHM, 2018 U.S. Dist. LEXIS 16517, at *3-4 (W.D. Ky. Feb. 1, 2018)(" Plaintiff may authenticate the medical bills himself. Plaintiff may testify that he received medical treatment from a medical provider related to the injuries he allegedly sustained in the collision and he can submit the bill he received from that medical provider.") Durham explained the relevance of the bills to her damages claim in her deposition when she testified that Rural/Metro should be responsible for her medical expenses because "if I had had the chance to have insurance I wouldn't have acquired the bill that I did . . ." (Doc. 42-1, Durham Deposition, p. 14, Depo pages 46:15-47:08).

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
10

emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)[(A)(iii)]"); *Bowers v. American Heart Assoc., Inc.*, 2008 WL 11407360, at * 3 (N.D. Ga. Dec. 2, 2008), citing *Santos v. Farmers Ins. Exch.*, 2008 U.S. Dist. LEXIS 56630, 2008 WL 2937778, at *2 (E.D. Mich. July 24, 2008); *See e.g., Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (holding plaintiff was not required to disclose a dollar amount of damages under Rule 26(a)(1)(C) because plaintiff did not intend to ask the jury for a specific dollar amount of damages at trial); *Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 386 (E.D. Tex. 1997) (finding no computation of compensatory damages attributable to mental anguish necessary under Rule 26(a)(1)(C) because such damages will be determined by the trier of fact). The United States District Court for the Middle District of Florida denied a Defendant's motion to compel a calculation of compensatory damages in *Gray v. Fla. Dep't of Juvenile Justice*, 2007 U.S. Dist. LEXIS 6649, *4, 2007 WL 295514 ( M.D. Fla. Jan 30, 2007) noting that "compensatory damages for emotional distress may not be susceptible to computation and thus, it is within the jurors' ability to determine a reasonable amount".[11]

---

[11] Plaintiff will leave the calculation of compensatory damages up to the jury without requesting a specific amount. *See Nagele v. Delta Air Lines, Inc.*, No. 17-22559-CIV, 2017 U.S.

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
11

Durham's position is consistent with the Eleventh Circuit's Pattern Jury Instructions. Eleventh Circuit Pattern Jury Instruction 4.5 applicable to adverse action claims provides:

> To determine whether and how much [name of plaintiff] should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. [Name of plaintiff] does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates [him/her] for [his/her] claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

Many courts have addressed the difficulty calculating a dollar amount for non-economic damages and held that a plaintiff need not disclose a computation for non-economic damages where the plaintiff does not intend to ask the jury for a specific dollar amount or if the plaintiff failed to disclose such computation, the court precluded the plaintiff from asking the jury for a specific dollar amount. In particular, in *Avrett v. Festival Fun Parks, LLC,* the court acknowledged that:

> some courts have recognized that due to the nature of intangible damages, computation of [non-economic or] intangible damages is not always feasible or necessary. In those cases – where Rule 26 disclosures have not included a computation of intangible damages – courts typically require that the plaintiff not introduce specific testimony as to the amount of intangible damages.

---

Dist. LEXIS 210335, at *5 (S.D. Fla. Dec. 13, 2017)( To the extent that Plaintiff does not intend to ask the jury for a specific dollar amount, or a range for non-economic damages, Plaintiff is not required to provide a computation for non-economic damages under Rule 26(a)(1)(A)(iii)).

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
**United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA**
12

*Avrett v. Festival Fun Parks, LLC*, No. 15-80526-CIV-Middlebrooks/Brannon, 2016 WL 193805, at *3 (S.D. Fla. Jan. 15, 2016) (citation omitted).

*Avrett* adopted the approach urged by Durham– that the computation of intangible damages be left to the jury *in toto*. Many other courts have reached the same conclusion. *See also Nagele v. Delta Air Lines, Inc.*, No. 17-22559-CIV-King/Garber, 2017 WL 6398337, at *2 (S.D. Fla. Dec. 13, 2017) (holding that plaintiff was not required to provide a computation for non-economic damages where she had stipulated that she did not intend to ask the jury for a specific dollar amount or range); *Gray v. Florida Dept. of Juvenile Justice*, No. 3:06-cv-990-J020MCR, 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007) ("Plaintiff is not required to provide Defendant with a calculation of her suggested compensatory damages for emotional distress pursuant to Rule 26(a)(1)(C)).

As many courts have recognized, a plaintiff is not required in her Rule 26 disclosures to request a specific dollar amount for compensatory damages and provide a related calculation. Defendant's motion should be denied because the Plaintiff's approach of leaving the issue to the jury is consistent with Rule 26.

IV. **JAMES LEONARD SHOULD BE ABLE TO TESTIFY TO HIS SUMMARY EXHIBIT IF THE RURAL/METRO WILL NOT STIPULATE TO ITS ADMISSIBILITY THROUGH DURHAM.**

Durham's lost wages chart (Doc. 94-1) summarizes the evidence showing

_____
**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
13

her lost wages, inclusive of interest. Courts in this Circuit have routinely admitted chart summaries or data compilations as exceptions to the prohibition against hearsay. *See, e.g.*, *Democratic Republic of the Congo v. Air Capital Grp., LLC*, No. 12-20607-CIV, 2014 U.S. Dist. LEXIS 186453, 2014 WL 11429051, at *5 (S.D. Fla. Mar. 19, 2014), *aff'd*, 614 F. App'x 460 (11th Cir. 2015) (summary chart of otherwise admissible evidence, including business records and invoices, was admissible); *First State Bank of Nw. Arkansas v. Georgia 4-S Investments LLLP*, No. 1:09-CV-2828-ODE, 2010 WL 11636133, at *5 (N.D. Ga. Oct. 5, 2010) ("[E]ven though Plaintiff's [data compilation] . . . contains hearsay, the evidence is admissible under hearsay exceptions codified in the Federal Rules of Evidence."). Federal Rule of Evidence 1006 expressly permits the use of "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."

Use of the chart will save the Court time during the trial because it allows a succinct presentation of Durham's backpay chart calculation. *See, e.g., Schultz v. Am. Airlines, Inc.*, 449 F. Supp. 3d 1301, 1308 (S.D. Fla. 2020)(" To the extent that the Compilation Chart will spare the Court and the parties from having to engage in the time-consuming—and unnecessary—task of scouring through the Mosaic system for the few bits of data that are relevant here, the Compilation Chart—

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
**United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
14**

which takes up less than a single printed page—performs a valuable function and fits squarely within the ambit of Rule 1006.").

In almost every employment case involving a backpay claim, a chart like this is created by plaintiff's counsel or their staff to make it easier and faster to present the backpay claim to the jury. Typically, the parties stipulate to the admissibility of the chart through the Plaintiff. Plaintiff will be asked how much money she is seeking in lost wages, and following her testimony, the chart will be admitted as an exhibit to show how that amount was calculated. However, Defendant has not made such a stipulation. Therefore, Durham identified the person in plaintiff's counsel's office, James Leonard, who took the lost wages evidence and inputted it into the spreadsheet. To the extent the Defendant does not stipulate to the chart's admissibility through Durham, Leonard's testimony would be limited solely to identifying the evidence in the record from which he took the data that was put in the spreadsheet, and if necessary, the formulas used for each column in the spreadsheet.[12]

---

[12] There is an easy fix to this problem, and it is one that happens in most employment trials – Rural/Metro can stipulate to the chart's admissibility through Durham and cross examine her on the calculations contained in the chart if it takes issue with their accuracy.

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
15

## CONCLUSION

Rural/Metro's motion is due to be denied because Durham provided the damages information required by Rule 26. Rural/Metro has not shown that evidence relating to Durham's damages is clearly inadmissible on all potential grounds, so the motion must be denied.

        Respectfully submitted,

        /s/ Heather Newsom Leonard
        Heather Newsom Leonard

OF COUNSEL:

HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421 – voice
(205) 278-1400 – facsimile
Heather@HeatherLeonardPC.com

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
**United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
16**

## CERTIFICATE OF SERVICE

I certify that on February 18, 2021 I served a copy of this filing on the counsel of record listed below using this Court's electronic filing system:

Heidi Wilbur
Steven W. Moore
FOX ROTHSCHILD, LLP
1225 17th Street, Suite 2200
Denver, CO 80202

Tammy C. Woolley
CONSTANGY BROOKS SMITH & PROPHETE, LLP
Two Chase Corporate Drive
Suite 120
Birmingham, AL 35244

/s/ Heather Newsom Leonard
OF COUNSEL

**Plaintiff's Response to Defendant's Motion In Limine on Damages**
*Durham v. Rural/Metro Corporation*
**United State District Court for the Northern District of Alabama
Civil Action Number 4:16-cv-0104-ACA
17**