UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KIMBERLIE MICHELLE DURHAM, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: 4:16-CV-01604-ACA |
| RURAL/METRO CORPORATION, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Kimberlie Michelle Durham's motion for a new trial. (Doc. 118). The court finds that a new trial is unwarranted in this case and **DENIES** Ms. Durham's motion.

Both this court and the Eleventh Circuit have described the facts of this case, and the court will not do so again here. (*See* Docs. 55, 78); *Durham v. Rural/Metro Corporation*, 955 F.3d 1279 (11th Cir. 2020). In her complaint, Ms. Durham alleged that Rural/Metro Corporation ("Rural/Metro") discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k), when it declined to offer her an accommodation for her pregnancy-related lifting restrictions in the form of either light duty or a dispatcher position. (Doc. 1). This court granted Rural/Metro


summary judgment, finding that Ms. Durham had failed to make out a *prima facie* case of pregnancy discrimination.  (Doc. 56).  Ms. Durham appealed, and the Eleventh Circuit reversed and remanded with instructions for this court to determine whether Ms. Durham had created a genuine issue of material fact as to whether Rural/Metro's legitimate, non-discriminatory reasons for denying Ms. Durham her requested accommodations were pretext for pregnancy discrimination.  *Durham*, 955 F.3d at 1286–87.

On remand, this court granted partial summary judgment in favor of Rural/Metro.  (Doc. 78 at 2).  First, the court found that there was no genuine issue of material fact as to whether Rural/Metro's legitimate, non-discriminatory reason for denying Ms. Durham the light-duty accommodation—that it only offered light-duty work to employees injured on the job—was pretextual.  (*Id.* at 10).  The court determined that Ms. Durham had presented no evidence that the light-duty program imposed a significant burden on pregnant workers, and that Ms. Durham had failed to present other evidence of pretext.  (*Id.* at 9).  Accordingly, it granted Rural/Metro summary judgment on this part of Ms. Durham's claim.  (*Id.* at 10).

Next, the court addressed Rural/Metro's reason for denying Ms. Durham the accommodation of reassignment to a dispatcher position.  (Doc. 78 at 11). Rural/Metro asserted that it denied Ms. Durham's requested accommodation because there were no dispatcher positions available when Ms. Durham requested

her transfer. (*Id.* at 10). But Ms. Durham attested that she saw job postings for open dispatcher positions around the time that she requested an accommodation. (*Id.* at 11). The court found that there was a genuine issue of material fact as to whether Rural/Metro's reason for denying Ms. Durham's request to transfer to a dispatcher position was pretext for pregnancy discrimination. (*Id.*). Accordingly, the court denied Rural/Metro summary judgment on that part of Ms. Durham's claim. (Doc. 78 at 2).

The court's ruling on summary judgment narrowed the issue to whether Rural/Metro discriminated against Ms. Durham by failing to reassign her to a dispatcher position. At trial, the jury found that although Rural/Metro denied Ms. Durham the accommodation of reassignment to a dispatcher position, her pregnancy was not a motivating factor in Rural/Metro's decision. (Doc. 103 at 1). The court entered final judgment in favor of Rural/Metro (doc. 106), and Ms. Durham filed this motion for a new trial (doc. 118). She makes three arguments for why the court should grant her a new trial, but none of them have merit.

    1. <u>Evidence of Rural/Metro's Transitional Work Program</u>

First, Ms. Durham argues that the court erred by excluding evidence regarding Rural/Metro's transitional work program, under which it gave light-duty work to employees injured on the job. (Doc. 118 at 6). She argues that the evidence would have allowed her to "(a) prove that by not having a policy or practice that offered

3

similar accommodations to pregnant employees like Durham, Rural/Metro placed a significant burden on pregnant employees, and (b) that Rural/Metro lacked any evidence to justify the burden placed on pregnant employees." (*Id.* at 6–7). Ms. Durham argues that excluding this evidence was particularly harmful because Rural/Metro would sometimes "create work, even when none existed, to permit non-pregnant employees injured on the job to continue working." (*Id.* at 7 n.4).

As it relates to Ms. Durham's claim that Rural/Metro's light-duty policy discriminated against Ms. Durham, the argument fails. This argument is merely an attempt to relitigate the issue disposed of by the court's ruling on summary judgment. The Eleventh Circuit remanded this case for the court to consider the issue of pretext. *Durham*, 955 F.3d at 1287 ("[T]o survive summary judgment, Durham must point to enough evidence to create a material issue of fact that Rural's stated reasons for denying accommodation are pretextual."). The Eleventh Circuit offered that Ms. Durham could rebut Rural/Metro's reason for denying Ms. Durham light-duty with evidence that the light-duty policy "impose[d] a significant burden on pregnant workers." *Id.* at 1287 (quoting *Young v. United Parcel Service*, 575 U.S. 206, 229 (2015). On remand, Ms. Durham offered no evidence suggesting that the policy imposed a burden on pregnant workers and no other evidence that Rural/Metro's light-duty policy was pretext for pregnancy discrimination. Accordingly, this court granted summary judgment "with respect to Ms. Durham's

4

claim that Rural/Metro failed to accommodate her pregnancy by offering her a light duty job." (Doc. 78 at 10).

Ms. Durham now insists that it is Rural/Metro's burden to show that its policy did not put a substantial burden on pregnant people. This is not just incorrect, it is inconsistent with how she characterized the case at the pre-trial conference. (Doc. 111 at 19:16–17) ("[T]his case isn't about whether [Ms. Durham] should have been given an accommodation under [the light-duty] policy."). Because the court proceeded to trial with the dispatcher position theory only, evidence relating to the light-duty policy was limited for the purpose of showing a "complete and honest" picture of Rural/Metro's instances of allowing similarly situated employees to perform light work.

As the evidence relates to Ms. Durham's claim that Rural/Metro discriminated against her by denying her a dispatcher position, Ms. Durham argued at the pretrial hearing that she wanted to submit evidence relating to the light-duty policy to provide context and to give the jury "a complete and honest picture" about the possibility of such accommodations. (*Id.* at 15:10–16). To further that goal, Ms. Durham specifically suggested the court give a curative instruction to the jury. (*Id.* at 1:23–25) ("Any confusion can be clarified through an instruction from Your Honor to the jury, which is the issue before you is whether they could have put her in a dispatch position."). And after agreeing to a curative instruction (*id.* at 20:16–

5

21), the court admitted much of Ms. Durham's evidence for that purpose (*see, e.g.*, doc. 111 at 23:11–17).

Ms. Durham does not cite what available evidence the court should have admitted and how its absence prevented her from proving her case. She alludes to evidence identifying individuals receiving light duty, but that evidence is cumulative. At trial, she stipulated to instructing the jury that "Rural/Metro's policy and practice was, and continues to be, to grant light duty only to employees needing accommodation due to on-the-job injuries, and to deny such assignments to pregnant employees." (Doc. 102 at 4–5 ¶ 11). And, the court allowed her to present evidence of the existence and purpose of that policy.

    2.  <u>The Jury Instructions</u>

Ms. Durham's next argument is that the court gave improper jury instructions. The court's ruling on summary judgment also precludes this argument. The court asked the jury to decide the only questions remaining after summary judgment: (1) whether "Rural/Metro denied Ms. Durham the accommodation of reassignment to a dispatcher position" and (2) whether "Ms. Durham's pregnancy was a motivating factor" in Rural/Metro's decision. (Doc. 102 at 12).

Ms. Durham's argument centers around Rural/Metro's transitional work policy, not its denial of the dispatcher position. (Doc. 118 at 7–11). Ms. Durham argues that the court should have asked the jury whether "Rural/Metro denied Ms.

Durham the accommodation of working within her lifting restriction." (Doc. 118 at 8). She argues that the court's jury instructions "denied a trial on the issues mandated by the Eleventh Circuit" because it did not allow the jury to determine whether pregnancy was a motivating factor in Rural/Metro's decision "to adopt a policy that creates work and jobs for persons injured on the job" without "extending the same treatment to pregnant employees." (Doc. 118 at 10). But as explained above, that question was dismissed at summary judgment and was not before the jury. Accordingly, the jury instructions did not conflict with the Eleventh Circuit's mandate in *Durham*, and they did not prejudice Ms. Durham at trial.

### 3. The Great Weight of the Evidence

Ms. Durham briefly argues that the jury verdict conflicts with the great weight of the evidence. (Doc. 118 at 11–12). "Because it is critical that a judge does not merely substitute [her] judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 811 (11th Cir. 2020).

Here, the verdict was not against the great weight of the evidence. The jury found that although Rural/Metro denied Ms. Durham the accommodation of reassignment to a dispatch position, it was not motivated by Ms. Durham's pregnancy. (Doc. 103). Mr. Crowell testified that there were no vacant dispatch

7

positions (doc. 113 at 272:16–273:12, 257:1–12, 259:21–260:3) and that there was no need for an additional dispatcher (*id.* at 260:3–22). Ms. Durham, however, testified that she saw open dispatch positions posted on Rural/Metro's internal job-posting board. (Doc. 112 at 137:6–10, 185:14–25). At summary judgment, the court found that there was a genuine issue of material fact as to whether Rural/Metro's legitimate, non-discriminatory reason for denying Ms. Durham's requested reassignment was pretextual. At trial, the jury resolved that question in Rural/Metro's favor. The court will not disturb that finding.

For these reasons, the court **DENIES** Ms. Durham's motion for a new trial.

**DONE** and **ORDERED** this September 30, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE